This action as appears by an endorsement on the process was brought for penalties under the seventh section of the supplementary act of November 1822, for the regulation of the fisheries in the river Delaware. A capias ad respondendum was sued out, marked for bail, and the.defendant was arrested. Upon an application made to us at the last term to quash the writ, we held 1st, that a defendant may be held to bail under that act, though a penal statute, inasmuch as the 12th section provides that 'the action to recover the penalties may be commenced by capias or summons; 2d, that a judge’s order for bail is not necessary, inasmuch as on the production of a proper affidavit, the judge would have *233 no discretion to exercise, either as to the granting or refusing the order, or as to the amount of the bail; and 3d that the making and filing an affidavit of the cause of action in the clerk’s office of the court out of which the writ is to issue according to the act regulating bail in civil actions, Rev. Latos, 404, is sufficient. A rule was then taken upon the part of the defendant requiring the plaintiff to shew cause at this term why the capias in this case should not be quashed for want of such affidavit; and it now appears by the certificate of the clerk of this court produced by the defendant’s counsel that no affidavit of the cause of action has been filed. Such being the fact, the plaintiff was not entitled to bail and the writ of capias, was improvidently issued. The 18th section of the practice act, Rev. Laws, 415, enacts “ that the first process to be made use of in personal actions in any of the courts of law of this state in cases where the plaintiff is not entitled to bail shall be a summons.” To do no more in the present instance than to discharge the defendant on common bail would be to give the plaintiff, who has erroneously exposed the defendant tó the inconvenience of an * arrest, the same advantage as if he had originally [*197 commenced his action by summons. In Brookfield v. Jones, 3 Ualst. 311, the capias was quashed.
Let the writ be quashed.